## Ex Parte Rosie Leatherwood.

No. 23185. Delivered June 28, 1945.

The opinion states the case.

*G. Q. Youngblood,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Relator was arrested and confined by the Sheriff of Dallas County by virtue of an executive warrant issued by the Governor of this state in response to an extradition warrant from the Governor of the State of California, where she was charged by complaint in the Municipal Court of the City of Long Beach, State of California, with the offense of murder. After being taken into custody by the sheriff aforesaid, she applied to the Honorable Winter King, Judge of the Criminal District Court of Dallas County, Texas, for a writ of habeas corpus and prayed that upon a hearing thereof she be discharged from the custody of the sheriff. The writ was issued as prayed for. She then filed a motion in said court in which it was alleged that she was a female under the age of seventeen years and requested that she be tried as a juvenile or that her case be transferred to a court having jurisdiction of juveniles. The motion was overruled, and upon the hearing she was remanded to the Sheriff of Dallas County to be delivered by him to Les Johnson, Ethel Walling and Anna L. Shreve, the designated agents of the State of California, to be removed to said state and there dealt with as provided by the laws of said state. She excepted to the ruling of the court and gave notice of appeal to this court for the desired relief.

The only question presented for review is whether her status as a criminal should be determined by the laws of this state or by the laws of the demanding state. She contends that under the laws of this state she could not be guilty of a crime—an extraditable offense. Whether or not she could have been guilty of a crime in this state is not the question. She was charged in the demanding state with the offense of murder for which she could be extradited under Art. 997, C.C.P., State of Texas, and Section 2 of Article 4 of the Federal Constitution and the laws enacted by Congress in pursuance thereof. Consequently she is subject to be extradited. She wants the courts of this state to determine her status as to whether or not she is a juvenile under the laws of this state and whether or not she is guilty of a crime. This we are not willing to do because that is a matter for the courts of the demanding state to determine.

Believing that the case was properly disposed of, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.